Delta Electric Light, Power & Manufacturing Co. *v.* Employer's Liability Assurance Corporation.

[60 South. 213.]

Street Railroads. *Collision with automobile. Damages. Instructions.* Where in a suit for damages against a street car company, caused by a collision between a street car and an automobile, the only issue was as to whether the street car struck the automobile or the automobile struck the street car and the instructions on both sides fairly presented the law of the case in the light of the evidence adduced, the case on appeal will not be reversed.

Appeal from the circuit court of Washington county. Hon. J. M. Cashin, Judge.

Suit by the Employer's Liability Assurance Corporation, Limited, against the Delta Electric Light, Power & Manufacturing Company. From a judgment for plaintiff, defendant appeals.

An automobile belonging to and driven by E. L. Smith collided with a street car of the appellant on a public

street in the city of Greenville. Smith, having insured said automobile against accidents with the appellee, collected from appellee the amount of damages sustained, assigned his claim against the railway company to appellee. The contention of the plaintiff below was that the street car ran into the automobile after its engine had been "killed," with its front end on the car track and without any effort on the part of the motorman of the street car to avoid the collision. The street railway company contended that the automobile, which was being driven up a cross street, ran into the street car from the the side, and that the employees of the railway company were in no wise to blame. There was a sharp conflict in the testimony on this point. The case was submitted to a jury under instructions of the court hereinafter set out in full, and resulted in a verdict for plaintiff, from which this appeal is taken.

### INSTRUCTIONS FOR PLAINTIFF.

Instruction No. 1: "The court instructs the jury, for the plaintiff, that if you believe from the evidence that the damage to the automobile of E. L. Smith, for which this suit is brought, was caused by a failure on the part of the motorman in charge of the car of defendant to do all that he could, with safety to his car, himself, and passengers, after seeing the danger of said automobile, or by the exercise of reasonable care he could have seen said danger, to prevent the street car from striking the automobile, then you will find for the plaintiff, and assess its damages at what the evidence shows it to be entitled to, not to exceed the amount sued for."

Instruction No. 2: "The court instructs the jury, for the plaintiff, that while it is true that the defendant had a right to a free and unobstructed track over which to run its cars, E. L. Smith had a right to cross its track with his automobile; and even though you may believe that Smith was negligent in the manner in which he handled his automobile at the time it was injured, still, if you fur-

ther believe that the proximate cause of the injury to said automobile was the failure of the motorman in charge of the defendant's street car to do all that he could, after seeing the danger of said automobile, to avoid striking it—that is, all that he could with safety to his car—you will find for the plaintiff, and assess its damages at what the evidence shows them to be, not to exceed the amount sued for."

### INSTRUCTIONS FOR DEFENDANT.

Instruction No. 1: "The court instructs the jury that in case of a collision between a street car and an automobile there is no presumption that it was caused by the negligence of either the driver of the automobile or the person operating the street car, but the question of negligence is a matter of proof."

Instruction No. 2: "The court instructs the jury that the burden of proof is on the plaintiff to make out its case by a preponderance of evidence, and unless it has done so it is your duty to find for the defendant."

Instruction No. 3: "The court instructs the jury that before the plaintiff can recover it must prove by a preponderance of the evidence that the automobile in question was injured by the negligence of the defendant's motorman in charge of the car."

Instruction No. 4: "The court instructs the jury that, where an automobile is moving on a street at a safe distance from a street car, the person in charge of a street car is justified in operating the car on the presumption that the automobile will be kept at a safe distance from the track; and a street railway company cannot be held liable for a collision caused by an automobile being driven into or against the street car."

Instruction No. 5: "The court instructs the jury that, even though they may believe from the evidence that the defendant was guilty of negligence, yet if you further believe that the person in charge of the automobile was guilty of contributory negligence, which was the proximate cause of the injury, then you will find for the defendant."

Instruction No. 6: "The court instructs the jury that negligence cannot be predicated on the failure to sound the gong or bell, so as to make the street railway company liable where the person injured by the car had in fact knowledge of its approach." .

Instruction No. 8: "The court instructs the jury that unless it appears from a preponderance of the evidence that the automobile was struck by the street car, and not that the street car was struck by the automobile, then you will find for the defendant."

Instruction No. 9: "The court instructs the jury that the duty of ordinary care to prevent injury to persons or property from the running of street car' is reciprocal on the company operating the cars and the general public using the streets. Ordinary care is such as a man of reasonable prudence and caution would exercise under the circumstances."

*Moody & Percy*, attorneys for appellants.

*Boddie & Farish*, attorneys for appellees.

COOK, J., delivered the opinion of the court.

The parties to this suit seem to have agreed to submit the case to the jury upon the question as to whether the automobile struck the street car or the street car struck the automobile. By taking the instructions complained of by appellant together with instructions given for defendant in the court below, and reading all in connection with the evidence in this case, it seems to us that this question was fairly presented to the jury, and there is no reason to suspect that the jury were misled as to the real issue in the case. Appellant's counsel place too much stress upon the supposed discriminative power of the ordinary petit jury.

*Affirmed.*